***OFFICE OF THE CHAPTER 13 STANDING TRUSTEE***
Isabel C. Balboa, Esquire
Cherry Tree Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY
### (Camden)

| | |
|---|---|
| In Re: | Proceedings in Chapter 13 |
| Guy C. Monhollen | Case No.   17-31601 (ABA) |
| | **OBJECTION TO FORM 122C-2 AND PLAN** |
| Debtor(s). | |

**ISABEL C. BALBOA**, hereby certifies as follows:

1. I, Isabel C. Balboa, is the Chapter 13 Standing Trustee (the "Trustee"), am authorized to make this certification on behalf of the Trustee.

2. I am personally familiar with the matters set forth herein and I am qualified to testify about them.

3. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 105.

4. Debtor, Guy C. Monhollen, filed for bankruptcy protection on October 25, 2017.

5. The Trustee objects to the incorrect completion of Form 122C-2.

6. Per Form 122C-1, Debtors' annualized current monthly income is $13,801.87, which is above the applicable median family income for a family of five (5); therefore, the Debtors were required to complete the Form 122C-2.

7. Form 122C-2 as filed contains the following errors:

i.  Line 16 – Taxes.  Debtor lists an average monthly payment of $3,253.79;

Pursuant to the proof of income Debtor provided, Debtor averages $3,146.97 per

month in federal, state and local taxes.  Please note that this figure directly affects

lines 24, 38, 42, 44, and 45.

ii.  Line 18 – Life insurance in the amount $125.66.  Pursuant to proof of life

insurance expenses Debtor provided the Trustee, Debtor pays $49.76 per month

for life insurance.  Please note that this figure directly affects lines 24, 38, 42, 44,

and 45.

iii.  Lines 25 - Health insurance, disability insurance, and health savings account

expenses.  Debtor claims a deduction of $732.13; however, pursuant to pay

advices provided, Debtor's monthly expense totals $683.18.  Please note that this

figure directly affects lines 24, 38, 42, 44, and 45.

iv.  Line 29 – Education expenses for dependent children who are younger than 18

(not more than $160.42 per child).  Debtor listed two (2) dependent children

under the age of 18 on Schedule J of his Petition.  Debtor claimed a monthly

expense of $481.26; however the maximum allowable expense Debtor can claim

is $320.84.  Please note that this figure directly affects lines 24, 38, 42, 44, and

45.

v.  Line 35 – Priority claims.  Debtor listed $8,000 in priority claims due at the time

of filing at $133.33 per month over sixty (60) months.  The Internal Revenue

Service filed a priority proof of claim in the amount of $4,651.61 which averages

$42.13 per month over sixty (60) months.  Please note that this figure directly

affects line 37, 38, 42, 44, and 45.

vi.    Line 41-Qualified retirement deductions.  Debtor claims $785.41 in retirement deductions per month.  Pursuant to the pay advices provided by Debtor, Debtor pays $362.50 per month in retirement deductions.  Please note this figure directly affects line 42, 44 and 45.

vii.   Line 43 – Deduction for special circumstances.  Debtor claims $1,526.33 per month for daughter's tuition.  For above-median debtors, § 707(b)(2)(A)(ii)(IV) sets a ceiling of up to $1,875 per year per child for certain tuition costs that may be deducted from a debtor's disposable income.  Please note this figure directly affects line 44 and 45.

8. Based on these errors in Debtor's 122C-2, Debtor corrected monthly disposable income under § 1325(b)(2) would be $1,603.57 per month or $96,214.20 over the life of the sixty (60) month plan.

9. Debtor has proposed to pay $200.00 per month for sixty (60) months or $12,000.00 over the life of the plan with payments for attorney fees in the amount of $1,750.00, Internal Revenue Service in the amount of $8,000 and a pro rata distribution from any remaining funds to the unsecured creditors which total $76,406.54.  In essence, Debtors proven sufficient funds to pay this plan and creditors 100%.

10. I certify under penalty of perjury that the foregoing is true and correct.


Dated:   January 26, 2018                          Respectfully submitted,

                                                   /s/ Isabel C. Balboa
                                                   Isabel C. Balboa
                                                   Chapter 13 Standing Trustee